UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-CV-129-KKC

STEPHEN MULLICAN                                                          PETITIONER

VS:                            **MEMORANDUM OPINION AND ORDER**

D.L. STINE, Warden, USP-McCREARY                                         RESPONDENT

Stephen Mullican is currently confined in the United States Penitentiary-McCreary ("USP-McCreary") located in Pine Knot, Kentucky. Mullican has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 [Record No. 2]. He has paid the $5.00 filing fee.

This matter is now before the Court for screening. 28 U.S.C. §2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002). As the petitioner is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); 28 U.S.C. §1915(e)(2) (district court can dismiss a case at any time if the court determines the action: (I) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted).

RESPONDENTS

The petitioner names D.L. Stine, Warden of USP-McCreary, as the respondent.

CLAIMS

The petitioner claims that under the Fifth Amendment of the United States Constitution, the respondent has no authority to hold him in custody. He argues that Title 18 of the United States Code, which

governs "Crimes and Criminal Procedure," was not legally enacted back in 1948. He claims that because of this defective law-making process, the lengthy criminal sentence imposed against him for violation of a provision of Title 18 renders his sentence void under various provisions of the United States Constitution.

<u>ALLEGATIONS OF THE PETITION</u>
1.  <u>Conviction and §2255 Motion</u>

Mullican states that on February 19, 2004 he was convicted of Armed Robbery and Supervised Release Violation in the United States District Court for the Eastern District of Tennessee, Knoxville Division ("the trial court").[1] *See United States of America v. Stephen Mullican*, 3:03-CR-00134-1 (Hon. Thomas A. Varlan, presiding).[2] The petitioner received a 235-month sentence in the trial court, plus a 3-year term of supervised release.

Petitioner states that he filed a motion in the trial court to set aside his conviction on the grounds of ineffective assistance of counsel under the Sixth Amendment of the United States Constitution. He states that the trial court denied his motion on January 11, 2007. He then states that on February 1, 2007, he appealed that ruling to the Sixth Circuit Court of Appeals, where the appeal is still pending at this time.

2.  <u>Petitioner's Legal Argument</u>

In addition to Mullican's 10-page preprinted Petition Form, he has attached a 20-page Memorandum of Law and ten (10) separate sets of attachments. The attachments alone consist of over one hundred thirty (130) pages of material which the petitioner is asking the Court to review and consider.

Summarized, the petitioner contends that the trial court did not have jurisdiction to prosecute him for the crimes of which he was convicted in 1994. He contends that Title 18 of the United States Code was

---

[1] The statute under which he was charged, and of which he was convicted, was 18 U.S.C. §2113, "Bank Robbery and Incidental Crimes."

[2] The petitioner identifies his criminal proceeding in the trial court as being a 1996 case: "1:96-CR-30-001." A review of the Public Access to Court Electronic Records ("PACER") internet site reveals that the petitioner's 235-month sentence was imposed on February 19, 2004, but under a different case number, being *United States of America v. Stephen Mullican*, 3:03-CR-00134-1.
     The petitioner pleaded guilty to the offense in December, 2003. The date on which the Criminal Judgment was entered was February 19, 2004.

2

not legally passed into law in 1948.  In essence, he claims that because Public Law 80-772 was never voted

into law by the Senate during any session of the 80th Congress, Title 18 was void *ab initio*.

Petitioner states that "it [Title 18 of the United States Code] was neither presented to nor voted on

by either House, much less certified as a true bill nor rolled in the journals of Congress.  Rather, the speakers

of the two Houses got together in private, signed the amended version, and presented it to President Harry

S. Truman, who signed it."  [Petitioner's Mem. of Law, Record No. 2, p. 1]

As well as the Court can determine, the petitioner appears to argue when the legislative process

adjourned *sine die* without a Senate vote on H.R. 3190, that adjournment automatically killed all bills or

matters not resolved prior to that adjournment [*Id.*, p. 2].  In one passage, the petitioner states:  "The upshot

of this is that the 1948 version does not grant any jurisdiction to the district court over "infamous crimes"

within the protection of the 5th Amendment."  [*Id.*][3]

DISCUSSION
1.  Petition Violates Fed. R. Civ. P. 8

The Court finds that the allegations in this petition, and the voluminous and excessive

---

[3] In Section 3 of the pre-printed petition form, the petitioner provides the following explanation as to why he
believes that his post-conviction remedy under §2255 was inadequate or ineffective:

Due Process violations, petitioner is unlawfully subjected to physical restraint from standpoint of
availability of habeas corpus relief, where a statute under which he was convicted is unconstitutional,
was denied constitutional rights at trial, gave invalid guilty plea, being unlawfully incarcerated in
prison.  Preiser v. Rodriguez, . . . 95 S. Ct. 1827 . . . .

Under the section of the §2241 petition form which asks for "Grounds for Relief," the petitioner states as
follows:

Title 18 and USC 28 did not pass as a legal bill, the statutes are invalid and unconstitutional . . .  See
1948 Congressional Records, 80th Congress, Index to the Code of Federal Regulations.  On page 779
the following is found, there are no regulations published in the Federal Register which extends
authority for 18 USC § through 12 or §3231 to the state republics.  See memorandum 1-22 attached
to §2241.

[Petition Form, Record No. 2-1, p. 5]

attachments, amount to only nonsensical accusations.  The allegations in the submissions contains language reminiscent of old treatises; many Latin phrases; purported citations to legislation, law dictionaries and the Congressional record; extremely dramatic language; and strange similes and metaphors.  The *pro se* submissions are difficult to read due to the antiquated phrases and the sheer volume of material presented for review.

The Court is familiar with the instant petition, the arguments therein, and the attached exhibits.  Several prisoners confined in another prison, the United States Penitentiary Big Sandy ("USP-Big Sandy"), have submitted very similar versions of the instant §2241 petition.[4]  None of these other petitioners stated a claim upon which this Court granted relief.

In October of 2006, USP-Big Sandy inmate John Jose Watford filed a similar §2241 petition in which he challenged the manner in which Congress enacted Title 18 back in 1948.  Watford named the U.S. Attorney General, the Director of the Bureau of Prisons ("BOP"), and the U.S.P.-Big Sandy warden as the three respondents in his §2241 petition.  *See Watford v. Gonzales et al*, Lexington No. 06-CV-328 (Hon. Joseph M. Hood, presiding).

On screening, Judge Hood dismissed the action, *sua sponte*, and entered Judgment against the petitioner on November 22, 2006.  The Court concluded as follows in the Memorandum Opinion and Order dismissing that action:

> The Petitioner [Watford] has apparently taken a line from a legislative clerk's June 28, 2000 letter to someone else and extrapolated a theory that because Title 18 was not voted on during Congress's June 1948 session, then that Title and all the revisions which flowed thereafter are void, and the various parts of the Department of Justice have no authority to hold him.  He cites no authority so invalidating Title 18. . . . While the Courts are often criticized for using "legal mumbo jumbo" unnecessarily or excessively, it is the instant Petitioner who has  exceeded all bounds of the language this time.

---

[4] USP-Big Sandy is another federal prison within the jurisdiction of the Eastern District of Kentucky.  USP-Big Sandy is located in Inez, Kentucky.

[*Watford*, 06-CV-328-JMH, Record No. 10]  *See also Gary Hall v. Alberto Gonzales*, Pikeville No. 07-06 (Hon. Gregory F. Van Tatenhove, presiding) (quoting this portion of the *Watford* opinion in the Court's Memorandum Opinion and Order of February 7, 2007, dismissing Hall's petition containing the same allegations and bombastic language); and *Gerald L. Campbell v. Alberto Gonzales*, *et al.*, Pikeville Civil Action No. 07-36 (Hon Gregory F. Van Tatenhove, presiding) (same as dismissal order entered in *Hall*, 07-CV-06).

On April 10, 2007, another USP-McCreary inmate, Dennis Michael Pickle, filed a §2241 which was identical in almost all respects to the §2241 which Petitioner Mullican filed six days later on April 16, 2007. *See Dennis Michael Pickle v. Warden Stine*, London Civil Action No. 6:07-CV-119 (Hon. Danny C. Reeves, presiding).   It appears that Inmates Pickle and Mullican obtained their identical legal submissions from the same source within USP-McCreary.

Like USP-Big Sandy inmates Watford, Hall, Campbell, and fellow USP-McCreary inmate Pickle, Petitioner Mullican has gravely violated Rule 8 of the Federal Rules of Civil Procedure, which requires that "each averment of a pleading shall be simple, concise and direct."  Fed. R. Civ. P. 8(e).  Nothing in his excessive filings have  complied with this requirement.   To the contrary, Petitioner Mullican, like his predecessors, has filed pleadings containing convoluted and archaic wording and has submitted voluminous extraneous documents which did nothing to advance any kind of legitimate legal argument.

The Court recognizes that a *pro se* pleading should be held to a less stringent standard than that submitted by an attorney and should be construed as alleging all fairly and reasonably inferred claims.  *See e.g.*, *Haines v. Kerner,* 404 U.S. 519, 520 (1972).  However, Federal Rule of Civil Procedure 8, at subsections (a) and (e), imposes limits on the degree of latitude afforded to *pro se* litigants.  *See O'Leary v. Raley*, 902 F.2d 1579, 1990 WL 66489 (9th Cir. 1990);  *Boswell v. Honorable Governor of Texas*, 138 F. Supp.2d 782, 786 (N.D. Tex. 2000).

5

The petitioner has violated the letter and spirit of Fed. R. Civ. P 8(a), which requires that pleadings be "short" and "plain," and Rule 8(e) requires each averment to be "simple, concise and direct." A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s "short and plain statement" requirement. *Vakalis v. Shawmut Corp*., 925 F.2d 34, 36 (1st Cir.1991); *Mangan v. Weinberger*, 848 F.2d 909, 911 (8th Cir.1988). *See* Fed. R. Civ. P. 41(b).

The Joint Local Rules of Civil Practice for United States District Courts for the Eastern and Western Districts of Kentucky limit to 40 pages any supporting or opposing memoranda. *See* Local Rule 7.1. This rule was implemented in part in consideration of the fact that the district courts have limited resources. While a party is entitled to state his claims and arguments, he must observe a reasonable degree of brevity, which a 40-page memorandum of law will accommodate. The petitioner's 150 pages border on a pre-packaged assembly-line filing, as opposed to an organized and concise statement of his legal claims.

In *Barsella v. United States*, 135 F .R. D. 64 (S.D. N.Y. 1991), the district court in New York aptly described the problem with submissions similar to the petitioner's 150-plus-page initiating document. The district court stated as follows:

> "[C]omplaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with these goals [Fed. R. Civ. P. 8] and this system and must be dismissed. *Prezzi v. Berzak*, 57 F. R. D. 149, 151 (S.D.N.Y.1972); *accord Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir.1972) (per curiam), cert. *denied*, 411 U.S. 935, 93 S. Ct. 1911 (1983); *Chodos v. F.B.I.*, 559 F. Supp. 69, 71-72 (S. D. N.Y.), *aff'd*, 697 F.2d 289 (2d Cir.1982), *cert. denied*, 459 U.S. 1111, 103 S. Ct. 741 (1983)."

*Barsella v. United States*, 135 F. R. D. at 66.

The Court does not encourage the filing of packaged petitions. Any case filed in this Court should be based upon the facts and the law of a particular situation. For a pleading which consists of a "morass of garbled text" and is filled with unconnected facts and legalese, dismissal of the action without prejudice would ordinarily be the preferred resolution. That result would afford a litigant the opportunity to re-file a

challenge to his sentence, if that is appropriate. For the reason discussed below, however, the instant petition will be dismissed *with* prejudice.

### 2. Relief under §2241 Not Warranted

Petitioner Mullican is that he is barred from using this Court's §2241 jurisdiction to challenge his criminal judgment rendered in the trial court, unless he can prove that his remedy by a §2255 motion to that court to vacate, alter, or amend the judgment is inadequate or ineffective to challenge the legality of his detention. *See* 28 U.S.C. §2255, ¶5; *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

A demonstration of the inadequacy and ineffectiveness of a prisoner's remedy via a §2255 motion to the trial court is a high one under *Charles* and *Martin*. Section 2241 is not a "catch all" remedy that may be invoked for simple convenience, *Charles*, 180 F.3d at 758 ; it is a narrow remedy available only to the rare habeas petitioner who can demonstrate that his Section 2255 remedy was truly "inadequate and ineffective." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

The Section 2255 remedy is not rendered an "inadequate and ineffective" remedy where the prisoner missed an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law. *Charles*, 180 F. 3d at 756; *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). Nor may it be used simply because the prisoner presented his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles*, 180 F.3d 756-758. The remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255. *Id*. at 758.

The current challenge to the BOP's authority to hold prisoners for service of their sentences purportedly arose in 1948. There is little chance that any petitioner raising such a claim could meet this inadequate and ineffective standard. Any person sentenced after 1948 could have raised the claim at his sentencing, on a direct appeal of that sentence, or via a §2255 motion still later.

Here, access to the PACER docket sheet from the trial court enables this Court to review the actual §2255 motion to vacate which Petitioner Mullican filed on December 14, 2004 [*see* 3:03-CR-00134-1, Docket Entry No. 22]. The petitioner raised **no** challenge to the implementation of Title 18 during the 1948 Congressional session at that time. He alleged only that his counsel was ineffective and that he was the victim of double jeopardy.[5]

Mullican raised the convoluted challenge to Title 18's implementation for the first time in this §2241 petition. Having had adequate and effective opportunities to assert the instant claim earlier, and having failed to do so, Petitioner Mullican may not proceed to do so under this Court's §2241 jurisdiction.

<u>CONCLUSION</u>

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1)     Petitioner Stephen Mullican's petition for writ of habeas corpus is **DENIED**.

(2)     This action shall be **DISMISSED WITH PREJUDICE**, *sua sponte*, from the docket of the Court.

(3)     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named respondent.

Dated this 23rd day of April, 2007.



**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**

---

[5]The trial court denied the petitioner's §2255 motion by Order entered on January 11, 2007 [*Id*., Record No. 24].

8